UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TRACI JOHNSON,                         No. 2:08-cv-01600-MCE-KJM

     Plaintiff,

  vs.                                  **ORDER**

MORRISON HOMES, INC., et al.,

     Defendants.

----oo0oo----

In June 2005, Traci Johnson ("Plaintiff"), with the assistance of a federally related mortgage loan, entered into a contract with Morrison Homes, Inc. and Taylor Morrison, Inc. ("Defendants") for the purchase of a home in Elk Grove, California.[1]  On March 12, 2008, Plaintiff commenced this class action suit in the Superior Court of Sacramento County alleging that Defendants violated, *inter alia*, California Financial Code § 50505.

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

1

In July 2008, Defendants removed this action from Sacramento County Superior Court to this Court under 28 U.S.C. § 1441(a) on grounds that the state law claims are based entirely upon two federal authorities: (1) the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2607, 2608 ("RESPA"); and (2) Regulation X, 24 C.F.R. § 3500. (Def.'s Opp., 2) Plaintiff has now filed a Motion to Remand this case to the Superior Court of Sacramento County. For the reasons stated below, Plaintiff's Motion to Remand is denied.

**BACKGROUND**

In June 2005, Plaintiff purchased a home from Defendants in Elk Grove in Sacramento County, California with the assistance of a federally related mortgage loan. She asserts that the sales contract required her to purchase title insurance from First American Title Insurance Company ("First American"). (Pl.'s Mot. Remand, 2) Plaintiff alleges that this provision was included in the sales contract due to a "business relationship" between First American and Defendants which involved a "kickback" scheme, in direct contradiction with RESPA and California Financial Code § 50505. (Pl.'s Compl. ¶¶ 15, 16, 17) This illicit conduct, Plaintiff contends, is manifested by her paying $514 for her title insurance policy--well in excess of the $125 that First American charges per policy as is filed with the California Department of Insurance. (Pl.'s Mot. Remand, 3)

///
///

2

1  Plaintiff's Complaint alleges that the Defendants' conduct
2 violated numerous state laws that entitle her to relief:
3 (1) Unfair Competition Law, Business and Prof. Code §§ 17200 and
4 1750; (2) Consumers Legal Remedy Act, Civil Code § 1750, et seq.;
5 (3) California Financial Code § 50505; (4) Breach of Contract;
6 (5) Negligence; (6) Unjust Enrichment; and (7) Declaratory
7 Relief.  (Pl.'s Comp., 1)
8  On July 10, 2008, Defendants removed this action from the
9 Sacramento Superior Court pursuant to federal question
10 jurisdiction.  28. U.S.C. § 1441(a).  Defendants contend that the
11 Plaintiff's claims are based solely on alleged violations of
12 RESPA and Regulation X, and that the validity of those claims
13 "turn[] solely on the interpretation and application of RESPA and
14 Regulation X."  (Def. Opp., 2)  Plaintiff now moves to remand
15 alleging that this Court does not have jurisdiction to hear
16 Plaintiff's claims.
17
18 **STANDARD**
19
20  A defendant may remove any civil action from state court to
21 federal district court if the district court has original
22 jurisdiction over the matter.  28 U.S.C. § 1441(a).  Generally,
23 district courts have original jurisdiction over civil actions in
24 two instances: (1) where there is complete diversity between the
25 parties, or (2) where a federal question is presented in an
26 action arising under the Constitution, federal law, or treaty.
27 28 U.S.C. §§ 1331 and 1332.
28 ///

3

The removing party bears the burden of establishing federal jurisdiction. Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988). Furthermore, courts construe the removal statute strictly against removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). If there is any doubt as to the right of removal in the first instance, remand must be granted. See Gaus, 980 F.2d at 566. If the court at any time determines that it lacks jurisdiction over the removed action, it must remedy the improper grant of removal by remanding to the state court. 28 U.S.C. § 1447(c); see ARCO Envtl. Remediation L.L.C. v. Dep't of Health & Envtl. Quality of Mont., 213 F.3d 1108, 1114 (9th Cir. 2000) (internal citations omitted).

The district court determines whether removal is proper by first determining whether a federal question exists on the face of the plaintiff's well-pleaded complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). If a complaint alleges only state law claims and lacks a federal question on its face, then the federal court must grant the motion to remand. See 28 U.S.C. § 1447(c); Caterpillar, 482 U.S. at 392. Nonetheless, there are rare exceptions when a well-pleaded state law cause of action will be deemed to arise under federal law and support removal. They are "...(1) where federal law completely preempts state law, (2) where the claim is necessarily federal in character, or (3) where the right to relief depends on the resolution of a substantial, disputed federal question." ARCO, 213 F.3d at 1114.

///
///
///

4

**ANALYSIS**

The gravamen of parties' dispute over jurisdiction rests on whether Plaintiff's Complaint, which purports to allege only state law claims, necessarily turns on a determination of federal law.  In <u>Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for S. Cal.</u>, 463 U.S. 1, 13 (1983), the Supreme Court stated that in situations where the plaintiff's cause of action is created by state law, "its case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties."  Additionally, the court in <u>Lippitt v. Raymond James Financial Services, Inc.</u>, 340 F.3d 1033 (9th Cir. 2003) concluded that the artful pleading doctrine prohibits plaintiffs from defeating removal by omitting necessary federal questions and that the doctrine "allows courts to delve beyond the face of the state court complaint and find federal question jurisdiction by recharacterizing a plaintiff's state law claim as a federal claim."  <u>Id</u>. at 1041.  A state law claim will raise a substantial federal question when: (1) a substantial, disputed question of federal law is a *necessary* element of ... the well-pleaded state claim, or the claim is an inherently federal claim articulated in state law terms; or (2) the right to relief depends on the resolution of a substantial, disputed federal question. <u>Id</u>. at 1042-1043.
///
///

5

Plaintiff alleges a claim for California Financial Code § 50505 which states that "[a]ny person who violates any provision of any of the following federal acts or regulations violates this division: (a) RESPA, as amended (12 U.S.C. § 2601 et. seq.).

The facts of the instant case require any court overseeing the litigation to conduct an analysis of the implicated federal statutes in order to determine whether the Defendants have violated the state law. As a consequence, federal law is an indispensable component of the claim as it represents more than the "mere presence of a federal issue." Lippitt, 340 F.3d at 1040. In Lippitt, the court cited favorably a Second Circuit Court of Appeals decision wherein it concluded that a sufficient federal interest existed because the plaintiff's claims "required a finding that the defendant violated the federal securities law by 'failing to perform its statutory duty, *created under federal law*, to enforce its members' compliance with those laws.'" Id. at 1045 (quoting D'Alessio v. New York Stock Exchange, Inc., 258 F.3d 93, 101 (2nd Cir. 2001) (emphasis in original)). California Financial Code § 50505 explicitly states that, in order to maintain a state claim, the defendant must necessarily violate the federal statute. Therefore, like D'Alessio, in order to investigate the merits of the state cause of action, the court will be required to determine whether Defendants' conduct violated RESPA. Whether or not Defendants violated the federal statute controls Plaintiff's right to relief.

///

///

Unavoidably, the state law claim "turns, entirely, upon the defendant's compliance with a federal regulation," RESPA. <u>California ex. rel. Lockyer v. Dynegy, Inc.</u>, 375 F.3d 831, 841 (9th Cir. 2004).

**CONCLUSION**

Having established that a substantial federal question exists, this Court may exercise subject matter jurisdiction over the litigation.  For the reasons set forth above, Plaintiff's Motion to Remand (Docket No. 20) to the Superior Court of Sacramento County is DENIED.

IT IS SO ORDERED.

Dated: July 23, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

7